**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MICHAEL LERAY HERNDON,

Plaintiff,

v.

IMPERIAL COUNTY, CALIFORNIA, by and through its Board of Supervisors; CALIPATRIA STATE PRISON; J. JANDA; FRANK X CHAVEZ; W.L. MONTGOMERY; JAMES HATFIELD; H.L. DRAKE; B.W. BARGAINIER; C. IMADA, D.W. BELL; A. LARA; R. HOPPER; S. ANDERSEN; JEFFREY A. BEARD; DOES 1 THROUGH 100,

Defendant.

CASE NO. 14cv709-GPC(PCL)

**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

[Dkt. No. 9.]

Before the Court is Plaintiff's motion for relief from judgment, entered on October 31, 2014, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). Since Defendants have not yet been served, no opposition papers were filed. Based on the reasoning below, the Court GRANTS Plaintiff's motion for relief from judgment.

**Procedural Background**

On March 27, 2014, Plaintiff Michael Leray Herndon ("Plaintiff"), a prisoner proceeding with counsel, filed a 42 U.S.C. § 1983 complaint against Defendants Imperial County, California, Calipatria State Prison and a number of prison guards and wardens arising from an incident on February 26, 2013 in which Plaintiff suffered

injuries. (Dkt. No. 1.) On August 29, 2014, the Court held a hearing for dismissal for want of prosecution for failing to serve the defendants pursuant to Rule 4(m).[1] (Dkt. No. 6.) At the hearing, Plaintiff's counsel indicated he was in settlement negotiations with the defendants and requested additional time to serve them. (Dkt. No. 6.) Based on these representations, the Court continued the hearing to October 31, 2014. (Id.) On October 31, 2014, Plaintiff's counsel did not appear at the hearing and the complaint had not yet been served. (Dkt. No. 7.) Therefore, the Court dismissed the case without prejudice pursuant to Rule 4(m). (Dkt. Nos. 7, 8.) On October 30, 2015, Plaintiff filed a motion for relief from judgment pursuant to Rule 60(b) based on excusable neglect and mistake.[2]

**Factual Background**

In a declaration, Plaintiff's counsel asserts that when he filed the complaint on March 27, 2014, the complaint was ready to be served; however at the same time, he was moving his office to a new location or suite. (Dkt. No. 9-1, Bunagan Decl. ¶ 3.) During the process of relocating, the records of this case were inadvertently placed in storage. (Id. ¶ 4.) His assistant at the time, who was new in the office, included the file for storage since the case was marked "closed" in the office's computer system. (Id.) On October 29, 2015, an individual, who identified herself as the one that recommended counsel's office to the plaintiff called his office and inquired about the case. (Id. ¶ 5.) Plaintiff's counsel was surprised that the case was dismissed. He states that the mistake could not have been discovered earlier since the file was put into

---

[1]Rule 4(m) provides, "[if] a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

[2]"Although mistake, inadvertence, and surprise are listed as separate justifications for relief under Rule 60(b)(1), where any such claims are grounded in the error of a party or its counsel, courts in this circuit generally consider the same Pioneer-Briones factors." McCullough v. Xerox Corp., No. 13-CV-04596-HSG, 2015 WL 7257966, at *2 n. 3 (N.D. Cal. Nov. 17, 2015)

storage and his computer system indicated the case was "closed." (Id. ¶ 6.) After learning about the mistake, he immediately filed the instant motion.

**Discussion**

Plaintiff seeks to set aside the judgment based on excusable neglect and mistake by his attorney. Rule 60(b)(1) provides that the court may relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). .

In Pioneer, the United States Supreme Court altered the prior understanding of "excusable neglect" and held that "excusable neglect" under Rule 60 includes negligence on the part of counsel. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993) (attorney failed to comply with a court-ordered filing deadline). The determination of whether neglect is excusable is an equitable one and depends the following four factors "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing Pioneer Inv. Servs. Co., 507 U.S. at 395). The Ninth Circuit has adopted the four factor test outlined in Pioneer to determine whether neglect is "excusable" under Rule 60(b)(1). Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). The Pioneer factors are not exclusive, but they "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." Id. The Court has discretion in determining whether a party has demonstrated excusable neglect. Id. at 380.

While the Pioneer factors do not consider the movant's prejudice, in a case involving a Rule 4(m) dismissal, as in this case, the Ninth Circuit has held that courts must consider the prejudice to the moving party. Lemoge v. United States, 587 F.3d 1188,1195 (9th Cir. 2009). In Lemoge, the Ninth Circuit held that "where the movants' Rule 60(b)(1) motion (1) seeks to set aside a dismissal that arises from noncompliance with Rule 4(m), (2) the movants cannot re-file their action because the statute of

limitations has run, and (3) there is no or only slight prejudice to the opposing party if relief is granted, the district court should consider, and give appropriate weight to, the movants' prejudice if relief is denied." Id. at 1195.

While Plaintiff does not address the Pioneer factors, the Court must consider the Pioneer factors in coming to a determination on whether counsel's conduct constitutes "excusable neglect." See Bateman, 231 F.3d at 1224. First, the delay in proceeding in this case may prejudice Defendants but it is minimal. "[T]he mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion." Bateman, 231 F.3d at 1225 (quoting Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir. 1985)). Second, as to the length of the delay, the motion was filed almost a year after the dismissal. While a year is a long time, it is not unreasonable and the length of delay was within the one year period required for a timely motion under Rule 60(b).[3] Third, the reasons for the delay are not strong. Plaintiff's counsel states:

> 3. The complaint docketed as case No. 14CV0709-GPC-PCL was filed with the United States District Court, Southern District of California on March 27,2014 and was already scheduled to be served on the named defendants. when I moved my office to a new location or suite.
>
> 4. In the process of relocating and moving my stuff, the records of this case were put to the storage along with other files and records. My then assistant who was new in the office included this file with the files designated for storage and keeping. The files designated to the storage were marked as either 'closed' or 'settled' in the office's computer system.
>
> 5. An individual who identified herself as the one that recommended our office to the plaintiff called my office today and inquired about the case. Although our office computer system indicated it was a closed file, I have ordered the immediate retrieval of the case file. I also called up the clerk of the court and to our surprise, found out that the case was ordered dismissed for want of prosecution.
>
> 6. The mistake could not have been discovered earlier as the file was put into storage and our system indicated it as a 'closed' file.

---

[3]Rule 60(c) provides that "motion under Rule 60(b) . . . for reasons (1) . . .[shall be filed] no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c).

(Dkt. No. 9-1, Bunagan Decl. ¶¶ 3-6.) After discovering this mistake, he immediately requested a hearing date from the Court. (Dkt. No. 9-1 at 3.)

Plaintiff provides no explanation as to his appearance at the dismissal proceedings on August 29, 2014 where he indicated he was involved in settlement negotiations and orally requested additional time to serve Defendants. (Dkt. No. 6.) In addition, Plaintiff's counsel failed to explain his failure to appear at the hearing on October 31, 2014 which resulted in the dismissal of the case. (Dkt. Nos. 7, 8.) Plaintiff's reasons for the delay is weak. Fourth, there is no evidence that counsel acted in bad faith, but instead counsel was negligent and careless.

Lastly, since this case involves a Rule 4(m) dismissal involving a potential statute of limitations bar, the Court must consider the prejudice to Plaintiff, the moving party. See Lemoge, 587 F.3d at 1195.

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Effective January 1, 2003, the applicable California statute of limitations for a personal injury claim was extended from one year to two years. See Jones, 393 F.3d at 927 (citing Cal. Civ. Proc. Code. § 335.1 (West 2004)). Here, Plaintiff alleges causes of action under 28 U.S.C. §§ 1983, 1985, 1986 which have either a one year or two year statute of limitations. See Jones, 393 F.3d at 927 (stating that the statute of limitations for 42 U.S.C. § 1983 claims is governed by the forum state's statute of limitations for personal injury claims, and that, effective January 1, 2003, the applicable statute of limitations under California law is two years); Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 711-12 (9th Cir. 1993) (per curiam) (explaining that the limitations period that governs section 1983 claims also governs claims under section 1981, section 1985, and Title VI); 42 U.S.C. § 1986 (one year statute of limitations).

Accordingly to the Complaint, the alleged incident where Plaintiff suffered injuries occurred on February 26, 2013. Over a year later but within the statute of

limitations period, Plaintiff filed a complaint on March 27, 2014. The case was dismissed on October 31, 2014. More than one year has passed since the dismissal. Therefore, if the Court denies Plaintiff's motion for relief from judgment, Plaintiff would be barred, absent tolling, from ever raising his claims.

After considering the Pioneer factors, and the "ultimate" prejudice to Plaintiff, see Lemoge, 587 F.3d at 1196 (referencing the plaintiffs' prejudice as "ultimate" because the statute of limitations had run on their claims), the Court concludes that Plaintiff has demonstrated excusable neglect. See Bateman, 231 F.3d at 1225 (remanding case with instruction to grant Rule 60(b)(1) motion and explaining that while the reason for the delay is weak and demonstrates negligence and carelessness, there was no evidence of willfulness or deviousness).

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's motion for relief from judgment. The Clerk of Court shall set aside the judgment filed on October 31, 2014. Plaintiff must serve the complaint within ten (10) days of the filed date of this Order. The hearing set for January 8, 2016 shall be **vacated**.

IT IS SO ORDERED.

DATED: January 4, 2016

HON. GONZALO P. CURIEL
United States District Judge