1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

MICHAEL LERAY HERNDON,

11

Plaintiff,

12

v.

13
14

IMPERIAL COUNTY,
CALIFORNIA, by and through its

15

Board of Supervisors; CALIPATRIA
STATE PRISON; J. JANDA; FRANK

16

X CHAVEZ; W.L. MONTGOMERY;
JAMES HATFIELD; H.L. DRAKE;

17

B.W. BARGANIER; C. IMADA,
D.W. BELL; A. LARA; R. HOPPER;

18

S. ANDERSEN; JEFFREY A.
BEARD; DOES 1 THROUGH 100,

19
20

Defendant.

CASE NO. 14cv709-GPC(PCL)

**ORDER ADOPTING REPORT AND
RECOMMENDATION GRANTING
DEFENDANTS' MOTION TO
DISMISS**

[Dkt. No. 23.]

21

    Plaintiff Michael Leray Herndon ("Plaintiff"), a state prisoner proceeding with

22

counsel, filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights

23

to equal protection and due process and violations of the Eighth Amendment right to

24

be free from cruel and unusual punishment, and conspiracy to interfere and failure to

25

prevent a conspiracy.  (Dkt. No. 1.)  He also alleges a state law violation based on the

26

failure to adequately train and supervise deputies.  (Id.)

27

    On February 3, 2016, Defendants A. Lara, J. Hatfield, H. Drake, W.

28

Montgomery, F. Chavez and Calipatria State Prison filed a motion to dismiss.  (Dkt.

[14CV709-GPC(PCL)]

No. 23.)  An opposition was filed on March 11, 2016.  (Dkt. No. 28.)  A reply was filed on March 18, 2016.  (Dkt. No. 29.)  On August 11, 2016, the Magistrate Judge filed a report and recommendation granting in part and denying in part Defendants A. Lara, J. Hatfield, H. Drake, W. Montomery, F. Chavez and Calipatria State Prison's motion to dismiss.[1]  (Dkt. No. 32.)  No objections were filed.  After a careful review of the briefing, supporting documentation and the applicable law, the Court ADOPTS the report and recommendation and GRANTS Defendants' motion to dismiss for failure to state a claim.

### Procedural Background

On March 27, 2014, Plaintiff filed a complaint against numerous Defendants for constitutional violations under 42. U.S.C. § 1983 and related state law claim.  (Dkt. No. 1.)  Plaintiff failed to serve the defendants in this case and on August 29, 2014, the Court held an order to show cause hearing.  (Dkt. No. 6.)  At the hearing, Plaintiff's counsel indicated he was in settlement negotiations and requested additional time to serve the defendants which the Court granted.  (Id.)  The Court also set a follow up hearing on October 31, 2014.  (Id.)  At the October 31, 2014 hearing, Plaintiff's counsel did not appear and the complaint had not yet been served.  (Dkt. No. 7.) Therefore, the Court dismissed the case without prejudice for failing to timely serve the defendants.  (Id.)  Almost a year later, on October 30, 2015, Plaintiff filed a motion to set aside judgment or relief from judgment.  (Dkt. No. 9.)  On January 4, 2016, the Court granted Plaintiff's motion for relief and ordered that Plaintiff serve the complaint within ten days.  (Id. ¶ 10.)  The moving Defendants, A. Lara, J. Hatfield, H. Drake, W. Montomery, F. Chavez and Calipatria State Prison, were served as well as non-moving Defendants C. Imada and B. Bargainer.  (Dkt. Nos. 13-21.)  The docket does not reflect that Defendants J. Janda, D. Bell, R. Hopper, and J. Beard were served.

/ / / /

---

[1] While the Magistrate Judge's order recommended granting in part and denying in part Defendants' motion to dismiss, in fact, the order recommends dismissing the Complaint.

[14CV709-GPC(PCL)]

### Factual Background

Plaintiff is an inmate housed at Calipatria State Prison.  (Dkt. No. 1, Compl. ¶ 4.)  According to the Complaint, J. Janda was the warden of Calipatria State Prison; F. Chavez was the Chief Deputy Warden, and W. Montgomery is currently the warden of Calipatria State Prison.  (Id. ¶¶ 7, 8, 9.)  The Complaint also alleges that H. Drake was the Senior Hearing Office ("SHO") at Calipatria State Prison who heard Plaintiff's Rules Violations Report ("RVR") 115 hearing and found him guilty of the RVR; B. Bargainer is a Correctional Officer ("CO") who was the Housing Unit C3 Control Officer where Plaintiff was housed at the time of the incident; J. Hatfield is a Correctional Lieutenant and charged Plaintiff with attempted homicide despite the facts and witness statements which violated CDCR[2] procedure and training regarding "Crime Scene and Evidence Preservation."  (Id. ¶¶ 10, 11, 12.)  Hatfield also prepared and signed an inaccurate RVR 115 against Plaintiff.  (Id. ¶ 12.)

C. Imada is a Correctional Sergeant who was the Incident Commander at the time of the incident and investigation, and allegedly violated CDCR procedure and training regarding "Crime Scene and Evidence Preservation." (Id. ¶ 13.) Defendant D. Bell is Facility Captain; A. Lara is a Correctional Sergeant at the time of the incident and investigation; R. Hopper is Correctional Lieutenant at Calipatria, and J. Beard was the Secretary of the CDCR.  (Id. ¶¶ 14, 15, 16, 17.)

In reciting the factual allegations, the Magistrate Judge pieced together what happened through the administrative record attached to the Complaint.  (Dkt. No. 32 at 2-4 & n. 2.)

Plaintiff alleges that on February 26, 2013, Defendant B. Bargainer ("Bargainer"), a Control Booth Officer at Calipatria, released Plaintiff from the "lower A section" of the prison shower to return to his cell for standing count. (Dkt. No. 1, Compl., Ex. A at 15.)  At the same time, an inmate in cell C3-101 requested to be released from his cell for medical treatment of an established knee injury. (Id. at 17.)

---

[2]California Department of Corrections and Rehabilitation

[14CV709-GPC(PCL)]

An altercation involving Plaintiff and the two occupants of cell 101 ensued which resulted in serious injuries to all three inmates and required transport to the hospital. (Id.)

According to Plaintiff, contrary to CDCR policy, Bargainer did not sent a floor staff to cell 101 to verify the inmate's request but instead released the inmate at institutional count time for a non serious or non-life threatening injury. (Id.)  Two inmate-produced weapons were found at the scene of the attack. (Id., Ex. B. at 20.) Plaintiff alleges he suffers from a permanent injury to his left thumb and chest. (Id., Ex. A at 17.) He claims that Bargainer violated his Eighth Amendment right by failing to protect him from serious injury.  (Id.)

After the incident, Lieutenant J. Hatfield ("Hatfield"), Bargainer's supervisor, issued Plaintiff a Rules Violation Report ("RVR") to "cover up" Bargainer's violation of CDCR policy. (Id.)  In fact, Supervisor Sergeant C. Imada ("Imada") acknowledged that Bargainer did not follow proper procedure.  (Id.)  Hatfield also investigated Bargainer's alleged misconduct. (Id. at 18.)

Plaintiff also alleges multiple due process violations during the different stages of the RVR process.  (Id., Ex. C at 27-28.)  He claims that the RVR for attempted homicide or the lesser offense of battery on an inmate with weapon should never have been issued against him. (Id. at 27-28.) In addition, the investigation of the charge was unfair and not properly carried out because the Investigative Employee did not question all of the staff and inmate witnesses, the Senior Hearing Officer ("SHO") did not follow due process guidelines and took over 70 days to complete the review process hindering his ability to timely appeal his ad seg placement, the SHO did not indicate in the final copy that a hearing was held on June 4 and 5, 2013 and he omitted questions Plaintiff posed to Bargainer and Imada during their testimony. (Id. at 28.)

Plaintiff alleges causes of action under 42 U.S.C. § 1983 for violations of his equal protection and due process rights, cruel and unusual punishment under the Eighth Amendment and conspiracy to interfere and failure to prevent a conspiracy. (Dkt. No.

[14CV709-GPC(PCL)]

1.) The Complaint also alleges failure to adequately train and supervise deputies. (Id.)

**A.    Standard of Review**

The district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When no objections are filed, a district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). see also United States v. Raddatz, 447 U.S. 667, 676 (1980); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989). Under such circumstances, the Ninth Circuit has held that a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo.  Robbins v. Carey, 481 F.3d 1143, 1147 (9th Cir. 2007).

Here, Plaintiff did not file an objection as to the recommendation that the Court grant Defendants' motion to dismiss.   Accordingly, the Court may "assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law." See Campbell, 501 F.2d at 206.

**B.    Legal Standard on Motion to Dismiss**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A motion to dismiss should be granted if plaintiff

[14CV709-GPC(PCL)]

fails to proffer "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. <u>al-Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992) (quoting <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. <u>See</u> <u>Desoto</u>, 957 F.2d at 658; <u>Schreiber</u>, 806 F.2d at 1401.

**C.   Analysis**

Here, Defendants argue that Plaintiff has only provided summary allegations and failed to set forth specific factual allegations regarding each Defendants' involvement in the constitutional violation. Plaintiff disagrees.

[14CV709-GPC(PCL)]

The Court finds that the Complaint is devoid of any facts to support the numerous causes of action Plaintiff asserts.  Plaintiff has clearly failed to comply with Rule 8 which requires that he provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. (citation omitted).  In this case, Plaintiff fails to comply with Rule 8 because no factual allegations concerning the incident are plead in the Complaint.  As such, the Complaint is devoid of facts to support any cause of action and the Court GRANTS Defendants' motion to dismiss all causes of action.[3]

As noted above, the Magistrate Judge pieced together the factual allegations based on the administrative record that is attached to the Complaint.  Alternatively, even if the Court were to consider the factual allegations extracted from the administrative record, those facts are not sufficient to state a claim.

**1.     Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (citation

---

[3] While Defendants move to dismiss the entire Complaint, they have not moved to dismiss the state law claim of failure to adequately train and supervise deputies. Despite this omission, the Court dismisses the Complaint for failure to allege any facts about the incident that give rise to Plaintiff's claims.

1   omitted).

2       If plaintiff does not allege membership in a class or group, he can assert an equal

3   protection claim based on a "class of one" by demonstrating that he has "been

4   intentionally treated differently from others similarly situated and that there is no

5   rational basis for the difference in treatment." Squaw Valley Dev. Co. v. Goldberg,

6   375 F.3d 936, 944 (9th Cir. 2004).

7       Here, on reviewing the Complaint and attached exhibits, it is not clear which

8   theory of equal protection Plaintiff seeks to assert a claim and no facts are alleged to

9   support any theory of equal protection. Accordingly, Plaintiff fails to state an equal

10   protection cause of action.

11       **2.    Eighth Amendment Failure to Protect**

12       The Eighth Amendment requires prison officials to "take reasonable measures

13   to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27

14   (1984). This imposes a duty on prison officials to "protect prisoners from violence at

15   the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations

16   omitted); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The Ninth Circuit

17   has held that the "failure of prison officials to protect inmates from attacks by other

18   inmates may rise to the level of an Eighth Amendment violation when: (1) the

19   deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had

20   a 'sufficiently culpable state of mind,' acting with deliberate indifference." Hearns,

21   413 F.3d at 1040 (quoting Farmer, 511 U.S. at 83). "[D]eliberate indifference entails

22   something more than mere negligence . . . [but] is satisfied by something less than acts

23   or omissions for the very purpose of causing harm or with knowledge that harm will

24   result." Id.

25       Although the moving defendants argue that the Eighth Amendment claim does

26   not state a claim, it appears that Plaintiff is alleging an Eighth Amendment claim

27   against Bargainer for failing to protect him, (Dkt. No. 1, Compl. Ex. A. at 17).

28   Bargainer, while having been served, has not filed a motion to dismiss. Nevertheless,

1  Plaintiff has not alleged facts that Bargainer's failure to protect him rises to an Eighth
2  Amendment violation.

3          **3.    Due Process[4]**

4          "The requirements of procedural due process apply only to the deprivation of
5  interests encompassed by the Fourteenth Amendment's protection of liberty and
6  property." Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  State law can provide
7  a prisoner liberty interests sufficient to invoke due process protections.  Meachum v.
8  Fano, 427 U.S. 215, 226-27 (1976).

9          In Sandin, the United States Supreme Court held that whether a state has created
10 a liberty interest is determined by focusing on the nature of the deprivation.  Sandin v.
11 Conner, 515 U.S. 472 (1995).  A prisoner can show a liberty interest under the Due
12 Process Clause of the Fourteenth Amendment only if he alleges a change in
13 confinement that imposes an "atypical and significant hardship . . . in relation to the
14 ordinary incidents of prison life."  Id. at 484 (citations omitted).  In Sandin, the
15 Supreme Court considered three factors in determining whether the plaintiff possessed
16 a liberty interest in avoiding disciplinary segregation: "1) whether the challenged
17 condition 'mirrored those conditions imposed upon inmates in administrative
18 segregation and protective custody,' and thus comported with the prison's discretionary
19 authority; 2) the duration of the condition, and the degree of restraint imposed; and 3)
20 whether the state's action will invariably affect the duration of the prisoner's sentence."
21 Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Sandin, 515 U.S. at 486-
22 87).

23         Once a protected liberty interest is established, the Court next determines

24 _____

25 [4]Defendant argues that it appears that Plaintiff is alleging his procedural due process rights were violated during the disciplinary hearing.  The Complaint alleges "Defendants, jointly and severally, engaged in a course of conduct that resulted in the
26 violation of the Plaintiff's . . . .right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United
27 States of America." (Dkt. No. 1, Compl. ¶ 28.)  Based on this allegation, it is not clear whether Plaintiff is alleging a substantive due process claim.  If Plaintiff files an
28 amended complaint, he must clarify whether he seeks to allege a procedural and/or substantive due process claim.

[14CV709-GPC(PCL)]

whether the plaintiff was provided all the process due under <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff</u>, 418 U.S. at 556.  In prison disciplinary proceedings, the minimum requirements of due process include written notice of the claimed violation, at least 24 hours notice before the hearing, "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken", an opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals" and if an inmate is illiterate or the issues are complex, an inmate should have the opportunity to seek staff or inmate assistance.  <u>Id.</u> at 563, 566, 570.

In this case, Plaintiff has failed to  allege or identify a liberty interest to invoke the protections of the due process clause.  Accordingly, on this threshold issue, the procedural due process claim fails to state a claim.

**4.    Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985**[5]

To recover under § 1985, a plaintiff must prove: "(1) a conspiracy; (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act by one of the conspirators in furtherance of the conspiracy; and (4) a personal injury, property damage, or a deprivation of any right or privilege of a citizen of the United States." <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980) (citing <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-103 (1971)).  To deprive any person or a class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." <u>Griffin</u>, 403 U.S. at 102.  "The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law

[5]The Complaint also alleges an action for neglect or failing to prevent conspiracy under 42 U.S.C. § 1986.  However, Defendants do not move to dismiss this cause of action.

[14CV709-GPC(PCL)]

1   to all." Id.

2          In addition, "[a] claim under [§ 1985] must allege facts to support the allegation

3   that defendants conspired together." Karim-Panahi v. Los Angeles Police Dept., 839

4   F.2d 621, 626 (9th Cir. 1988). "A mere allegation of conspiracy without factual

5   specificity is insufficient." Id. To be liable, each participant in the conspiracy must

6   share the common objective of the conspiracy. United StatesSteelworks of Am. v.

7   Phelps Dodge Corp., 865 F.2d 1539, 1540-1541 (9th Cir. 1989) (en banc).

8          In this case, Plaintiff improperly presents a summary formulaic recitation of the

9   cause of action and does not allege any racial or class based discriminatory animus

10  behind the conspirators' action. See Twombly, 550 U.S. at 555. Moreover, facts are

11  not sufficiently plead to state a claim of conspiracy under § 1985.

12         In sum, the Court GRANTS Defendants' motion to dismiss the Complaint.

13  **D.     Eleventh Amendment Immunity**

14         Defendants also argue that they are immune from liability in their official

15  capacities under the Eleventh Amendment. Plaintiff disagrees.

16         The Eleventh Amendment bars a plaintiff from bringing damages claims in

17  federal court against state officials in their official capacities, but not in their personal

18  capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Hafer v.

19  Melo, 502 U.S. 21, 31 (1991).

20         Here, Plaintiff seeks monetary damages against Defendants in their personal and

21  official capacities. To the extent Plaintiff seeks damages against Defendants in their

22  official capacity, they are barred by the Eleventh Amendment, and the Court GRANTS

23  Defendants' motion to dismiss Plaintiff's claims for monetary damages against them

24  in their official capacities.

25  **D.     Calipatria State Prison**

26         Defendants further argue that Calipatria State Prison is immune pursuant to 28

27  U.S.C. § 1915(e)(2)(B)(ii) & (iii) because it is not a "person" subject to suit but is

28  entitled to absolute immunity from monetary damages under the Eleventh Amendment.

[14CV709-GPC(PCL)]

1   A state prison, which is an arm of the state government, is not a "person" subject

2   to suit under § 1983. <u>Allison v. California Adult Auth.,</u> 419 F.2d 822, 822-23 (9th Cir.

3   1969); <u>see</u> <u>Hale v. State of Arizona</u>, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding

4   that a state department of corrections is an arm of the state, and thus, not a "person"

5   within the meaning of § 1983); <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (per

6   curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of

7   Corrections is barred by the Eleventh Amendment, unless [the State] has consented to

8   the filing of such a suit.").

9   Plaintiff has not alleged that California has consented to the filing of this suit.

10  Thus, the Court concludes that any claims against Calipatria State Prison must be

11  dismissed pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for both failing to

12  state a claim and for seeking damages.  Therefore, the Court GRANTS Defendants'

13  motion to dismiss Calipatria State Prison.

14  **E.   Exhaustion**

15  Defendants finally argue that Plaintiff has failed to exhaust certain claims

16  because it is clear on the face of the complaint that he did not exhaust; therefore,

17  exhaustion may be raised in a motion to dismiss and not on a motion for summary

18  judgment.  They contend that Plaintiff's inmate appeal does not mirror the allegations

19  in the Complaint and therefore, his claims are not exhausted.  According to Defendants,

20  the allegations and facts alleged in the inmate appeals attached to the Complaint are

21  limited to Defendants Bargainer, Hatfield, Imada, Drake; therefore only those claims

22  are exhausted and the claims against Defendants Lara, Chavez, and Montgomery are

23  unexhausted.  Plaintiff alleges he alleged exhaustion in the Complaint which are

24  supported by the exhibits attached to the Complaint.

25  Recently, the Ninth Circuit overruled <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir.

26  2003) and held that exhaustion should be raised either through (1) a motion to dismiss

27  pursuant to Rule 12(b)(6), in the rare occasion that failure to exhaust is clear on the

28  face of the complaint; or (2) a motion for summary judgment. <u>Albino v. Baca</u>, 747 F.3d

[14CV709-GPC(PCL)]

1    1162, 1168-69 (9th Cir. 2014).  An unenumerated Rule 12(b) motion, as held in <u>Wyatt</u>,

2    is no longer the procedural method to raise the exhaustion issue. <u>Id.</u>

3           Contrary to Defendants' argument, it is not clear from the face of the complaint

4    that Plaintiff failed to exhaust his administrative remedies because determining

5    exhaustion will require a review of the attached exhibits to the Complaint.  Moreover,

6    as stated above, Plaintiff does not provide any facts in the Complaint to support his

7    allegations; therefore, a determination of exhaustion is not possible.  Accordingly, the

8    Court DENIES Defendants' motion to dismiss for failure to exhaust.

9    **F.     Failure to Serve Remaining Defendants**

10          While Defendants do not move to dismiss based on failing to serve certain

11   defendants, the Magistrate Judge recommends dismissing the unserved Defendants.

12   In their motion, Defendants state that Defendants Bargainer, Beard, Bell, Hopper,

13   Imada, Janda, and Imperial County have not yet been served.  (Dkt. No. 23-1 at 8 n.1.)

14   However, the docket shows that Defendants Bargainer and Imada were served and that

15   the County of Imperial has been dismissed from the case.   (Dkt. Nos. 17, 18, 26.)

16          Therefore, the Magistrate Judge's recommendation of dismissal for failing to

17   serve and comply with the Court's order to serve would apply only to the unserved

18   defendants who appear to be Defendants Beard, Bell, Hopper and Janda.  Because the

19   Court dismisses the complaint and is granting Plaintiff leave to file an amended

20   complaint, the service issue is now moot.  However, the Court admonishes Plaintiff that

21   if he files an amended complaint, he must also timely comply with service of the

22   amended complaint or the unserved defendants will be subject to dismissal.

23   **G.     Leave to Amend**

24          Leave to amend, whether or not requested by the plaintiff, should be granted

25   unless amendment would be futile.  <u>Schreiber Distrib. Co.</u>, 806 F.2d at 1401.  While

26   Plaintiff does not seek leave to amend, the Court concludes that it would not be futile

27   to allow leave to amend and GRANTS Plaintiff leave to amend the complaint.  <u>See id.</u>

28   / / / /

[14CV709-GPC(PCL)]

1

**Conclusion**

2      Based on the above, the Court ADOPTS the report and recommendation and

3 GRANTS Defendants' motion to dismiss the Complaint.

4      Plaintiff is granted leave to file an amended complaint within 20 days of the

5 filing of this order.  Plaintiff's counsel is warned that this will be Plaintiff's last

6 opportunity to amend the complaint.  If Plaintiff fails to file an amended complaint

7 within the prescribed deadline, the Complaint will be subject to dismissal.

8      IT IS SO ORDERED.

9

10 DATED:  September 22, 2016

11

12                          HON. GONZALO P. CURIEL
                            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[14CV709-GPC(PCL)]